In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-25-00069-CV
_____

IN RE NICKOLAS JERMAINE TAYLOR

Original Proceeding
County Court at Law No. 3 of Montgomery County, Texas
Trial Cause No. 2021-09-13429

MEMORANDUM OPINION

In a petition for a writ of mandamus, Nickolas Jermaine Taylor, Relator, asks this Court to compel the trial court to modify the 2022 final order in a suit affecting the parent-child relationship (SAPCR) and transfer the case to another county. We deny mandamus relief.[1]

---

[1]Taylor failed to certify that he reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appellate record. *See* Tex. R. App. P. 52.3(j). He did not properly authenticate the mandamus record. *See id*. 52.7(a). These defects provide additional reasons for this Court to deny mandamus relief.

In September 2021, Real Party in Interest Diana J. Caban filed a suit affecting the parent-child relationship in the County Court at Law Number 3 of Montgomery County, Texas. The following month, Taylor filed a suit for divorce and a separate SAPCR petition in the 306th District Court of Galveston County, Texas, and filed a motion to transfer the Montgomery County SAPCR to the 306th District Court. It appears Taylor's motion to transfer the case to Galveston County was denied after Taylor failed to appear for a scheduled hearing on October 27, 2021. In January 2022, the 306th District Court granted Caban's motion for summary judgment for a declaratory judgment, finally disposing of trial Cause Number 21-FD-2106.

In April 2022, a final order in Trial Cause Number 2021-09-13429 was signed in the Montgomery County Court at Law Number 3. The order recites that Taylor made a general appearance in the case and was duly notified of the hearing but failed to appear and defaulted. Caban and Taylor were appointed joint managing conservators, but Caban had the exclusive right to designate the child's residence. Taylor did not perfect an appeal in either the Montgomery County case or the Galveston County case.

In May 2023, Taylor obtained a protective order in the 280th District Court of Harris County. The protective order states, "There shall be no possession and access unless granted by CCCL#3 in Montgomery Cty., TX, which is the Court of Continuing Jurisdiction." In June 2023, Taylor obtained a temporary restraining

2

order from the County Court at Law Number 3 of Montgomery County, Texas, in Trial Cause Number 2021-09-13429. The temporary restraining order prohibited Caban from removing the child from Taylor's possession but stated the order would expire after fourteen days and scheduled a hearing on temporary orders for June 21, 2023. In July 2023, Taylor filed a petition to modify the SAPCR in Trial Cause Number 2021-02-13429. In March 2024, the trial court dismissed Taylor's petition for modification of the SAPCR for want of prosecution. On April 19, 2024, the trial court denied Taylor's motion to reinstate the case on the docket. Taylor did not perfect an appeal from the trial court's orders dismissing the case for want of prosecution.

In his mandamus petition, Taylor claims that he attended a hearing in Montgomery County on March 5, 2025, to request redaction of personal identifying information. He claims the trial court failed to redact Taylor's address from documents in the court's records.

On March 6, 2025, Taylor filed an original SAPCR petition in the 257th District Court of Harris County. The petition recites, "There are no court orders about any of the child(ren). No other Court has continuing jurisdiction over this case of the child(ren)."

Mandamus relief is an extraordinary remedy that issues only to correct a clear abuse of discretion for which the relator has no adequate remedy by appeal. *See In*

3

*re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). Taylor argues, "By dismissing Relator's case and refusing to yield jurisdiction to the Galveston County or Harris County District Court where the Divorce was pending and where the SAPCR is currently pending, Respondent Judge has effectively nullified the Protective Order, created confusion about the governing orders, and placed the child's safety and well-being at risk." Having reviewed the petition for a writ of mandamus, we conclude that the Relator has not shown that the trial court committed a clear abuse of discretion from which there is no adequate remedy by appeal. Accordingly, we deny the petition for a writ of mandamus. *See* Tex. R. App. P. 52.8(a). All pending motions are denied.

       PETITION DENIED.

                                   PER CURIAM

Submitted on March 12, 2025
Opinion Delivered March 13, 2025

Before Golemon, C.J., Wright and Chambers, JJ.

4